WINTERS v. WINTERS.

Divorce—Extreme Cruelty—Sufficiency of Proof.
   In wife's suit for divorce on ground of extreme cruelty, conclusion of court below that proof was insufficient to justify decree of divorce is affirmed, on appeal.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 22, 1931. (Docket No. 194, Calendar No. 36,009.) Decided December 8, 1931.

Bill by Emma F. Winters against John W. Winters for divorce. Bill dismissed. Plaintiff appeals. Affirmed.

*Kelley & Seelye,* for plaintiff.

*Shields, Silsbee, Ballard & Jennings,* for defendant.

FEAD, J. This is a suit for divorce. The testimony demonstrates fault on both sides. We think the situation is well stated in the opinion of the court, which we adopt:

"This is a very unfortunate case. The parties were married in 1889 and have lived together continuously as husband and wife for more than 40 years. They have one child, who is married, and a granddaughter some 15 or 16 years of age. The parties separated on the 24th of February, 1930, plaintiff taking up her residence with her daughter and son-in-law.

"Plaintiff seeks a decree of divorce on the grounds of extreme and repeated cruelty, alleging outbursts of temper on the part of the defendant, improper language, and threats of violence. Plaintiff claims, also, that, immediately preceding the separation, defendant struck her. Defendant denies any such intentional conduct on his part, claiming that he was endeavoring to procure information from the plaintiff with reference to the disposition of a stock certificate of which he claimed to be the owner. Plaintiff claims that defendant came up to her and struck her without any previous altercation. I am impressed that the parties at the time were engaged in a dispute that was merely a continuation of other arguments concerning property matters.

"The allegations of the bill of complaint indicate that the difficulties between the parties have con-

tinued practically during their married life. From
the testimony, however, I am impressed that there
were no serious differences until the property mat-
ters of the parties to this case became to a certain
extent commingled with those of their son-in-law
and daughter. ·Without endeavoring to analyze with
particularity the precise reasons therefor, it is ap-
parent that friction arose between the defendant
and his son-in-law. Both plaintiff and the daughter
permitted themselves to be involved, plaintiff ad-
mittedly taking sides with her son-in-law and daugh-
ter. The unfortunate situation resulting from this
condition of affairs undoubtedly irritated the defend-
ant. I am, however, not impressed with the claim of
the plaintiff to the effect that she and her daughter
feared bodily violence at the hands of the defendant.
As is not uncommon in cases of this character, there
has been shown a tendency to magnify the details of
certain occurrences, not pleasant perhaps in nature,
but not of serious moment.

"It is claimed by defendant, and admitted by the
plaintiff, that the latter disposed of a certificate of
stock for approximately $2,000 without advising her
husband as to her action. No satisfactory explana-
tion for plaintiff's conduct in this particular has
been offered. Its main significance doubtless lies in
the indication that it affords as to plaintiff's attitude
towards defendant. Apparently the latter had the
utmost confidence in plaintiff, otherwise he would not
have entrusted her with the possession of property
of this character.

"The property acquired by the parties was pur-
chased with money earned by the defendant by his
labor. I believe that the record fully justifies the
conclusion that, had it not been for such property,
the parties would still be living together in congenial
relationship. As suggested at the outset, the situa-
tion that has developed is a very unfortunate one.
However, after observing the parties in court and
listening to their testimony, I am unable to reach

a conclusion that defendant has been guilty of conduct towards the plaintiff that, under all the circumstances of the case, constitutes such cruelty as would justify the granting of a decree of divorce."

Affirmed.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.